UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEJA BARBOUR, SHINNEL GONZALEZ, and )
RAKAYYAH MASSEY,                   )
                                   )
                      Plaintiffs,  )
                                   )
    -against-                      )
                                   )
THE CITY OF WHITE PLAINS, MARK     )
BURNETT, ANTHONY CARRA, KEVIN      )
CHRISTOPHER, ANTHONY FARRELLY, JOHN )
HEFFNER, LAVALLE LARRIER, GILBERT  )
LOPEZ, ANTONIO NOLLETTI, and JOHN  )
and JANE DOES,                     )
                                   )
                      Defendants.  )
-------------------------------------------------------------X

07 CV 3014

COMPLAINT

JURY TRIAL DEMANDED

ECF CASE

JUDGE ROBINSON

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which the plaintiffs DEJA BARBOUR, SHINNEL

GONZALEZ, and RAKAYYAH MASSEY seek relief for the defendants' violation of their

rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States

Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution

of the State of New York. The plaintiffs seek damages, both compensatory and punitive,

affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further

relief as this court deems equitable and just.

## JURISDICTION

2.   This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed Notices of Claim with the City of White Plains within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs DEJA BARBOUR, SHINNEL GONZALEZ, and RAKAYYAH MASSEY are citizens of the United States.

8. Defendant THE CITY OF WHITE PLAINS is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF WHITE PLAINS assumes the risks incidental to the maintenance of a police force and the employment of

police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF WHITE PLAINS and/or the White Plains Police Department, a municipal agency of defendant THE CITY OF WHITE PLAINS. Defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI, and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF WHITE PLAINS, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF WHITE PLAINS and the White Plains Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10. On April 25, 2004, at about 5:00 a.m., in the vicinity of 66 East Post Road, White Plains, New York, plaintiffs BARBOUR, GONZALEZ, and MASSEY purchased food at the Star Diner and exited onto the street.

11. A defendant police officer was across the street questioning a young man, Jamal Bryant. Shortly, the other defendant officers arrived.

12. Defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI, and DOES placed Bryant under arrest.

13. Because the officers appeared to be using excessive force, plaintiffs questioned

why they were treating Bryant so roughly.

14. The defendant officers placed plaintiffs BARBOUR, GONZALEZ, and MASSEY under arrest, using excessive force.

15. Plaintiff BARBOUR was charged with Obstructing Governmental Administration and Resisting Arrest, misdemeanors. Plaintiff BARBOUR was arraigned upon an accusatory instrument sworn to by defendant LARRIER. Bail was set at One Thousand Dollars.

16. Plaintiff GONZALEZ was charged with Assault on a Police Officer, a felony, and related charges. Plaintiff GONZALEZ was arraigned upon an accusatory instrument sworn to by defendant NOLLETTI. Bail was set at Ten Thousand Dollars.

17. Plaintiff MASSEY was charged with Assault on a Police Officer, a felony, and related charges. Plaintiff MASSEY was arraigned upon an accusatory instrument sworn to by defendant BURNETT. Bail was set at Five Thousand Dollars.

18. Plaintiffs BARBOUR and GONZALEZ were acquitted at trial. Plaintiff MASSEY's case was dismissed in the midst of trial.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 and 1983

19. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. By their conduct and actions in falsely arresting and imprisoning plaintiffs BARBOUR, GONZALEZ and MASSEY, in using excessive force, in failing to intercede on behalf of plaintiffs to protect them from unjustified and unconstitutional treatment, and in

maliciously prosecuting plaintiffs, defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, mental anguish, emotional and psychological distress, lost income, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF DEFENDANT THE CITY OF WHITE PLAINS FOR CONSTITUTIONAL VIOLATIONS

22. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. At all times material to this complaint, defendant THE CITY OF WHITE PLAINS had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF WHITE PLAINS failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY,

HEFFNER, LARRIER, LOPEZ, NOLLETTI, and DOES. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, mental anguish, emotional and psychological distress, lost income, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983

26. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. By his conduct in failing to remedy the wrongs committed by defendants BURNETT, CARRA, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI and DOES, and in failing to properly train, supervise, or discipline defendants BURNETT, CARRA, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI and DOES, defendant CHRISTOPHER caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

28. By their conduct in failing to remedy the wrongs committed by defendant CHRISTOPHER, and in failing to properly train, supervise, or discipline defendant CHRISTOPHER, defendant DOES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and

Fourteenth Amendments.

29.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, mental anguish, emotional and psychological distress, lost income, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF WHITE PLAINS FOR STATE LAW VIOLATIONS

30.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31.     The conduct of defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI and DOES, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF WHITE PLAINS, and, as a result, defendant THE CITY OF WHITE PLAINS is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

32.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, mental anguish, emotional and psychological distress, lost income, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

33. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. By the actions described above, defendants BURNETT, CARRA, CHRISTOPHER, FARRELLY, HEFFNER, LARRIER, LOPEZ, NOLLETTI and DOES maliciously prosecuted plaintiffs without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, mental anguish, emotional and psychological distress, lost income, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          April 10, 2007

                                                       _____
                                                      MICHAEL L. SPIEGEL, Esq.
                                                      (MS-0856)
                                                     111 Broadway, Suite 1305
                                                     New York, New York 10006
                                                     (212) 587-8558
                                                     *Attorney for Plaintiffs*